IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH C. ROBBINS, III**                                                                               **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:24-cv-140-TBM-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                                     **DEFENDANT**

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Now before the Court is the Plaintiff's Motion for Attorney Fees [11] under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d), which is unopposed by the Commissioner. For the reasons discussed below, the Court finds that the Plaintiff's Motion for Attorney Fees [11] should be granted.

### I. ANALYSIS

The Equal Access to Justice Act ("EAJA") provides that a court "[s]hall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). Such fees and expenses shall not be awarded, however, if "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

Before a court awards attorney's fees pursuant to the EAJA, "three statutory conditions must be satisfied." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citation and quotation marks omitted). First, Section 2412(d)(1)(B) provides that a claimant "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). Second, the claimant must show they are "a prevailing party and is

entitled to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." *Id.* "Finally, if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were substantially justified or that there exist special circumstances which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (citation and quotation marks omitted).

**A. Timeliness**

"An application for attorney's fees under the EAJA shall be submitted 'within thirty days of final judgment in the action.'" *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (quoting 28 U.S.C. § 2412(d)(1)(B)). A "final judgment" as defined by the EAJA is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has explained that a "final judgment" for purposes of Section 2412(d)(1)(B) is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). The Supreme Court has also explained that in *sentence four* cases, the thirty-day EAJA clock "begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan*, 501 U.S. at 96. "In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment." *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993); *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854 (11th Cir. 2019) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."). Thus, in such cases, a party has 30 days after this 60-day time period to seek an EAJA award of fees.

Here, the Court entered its *sentence four* order remanding this action to the Commissioner for further proceedings on September 23, 2024. Because the Commissioner did not file an appeal within 60 days, the Plaintiff's 30-day time limit began to run on November 22, 2024. *See SandOval v. Comm'r, Soc. Sec.*, No. 5:10-cv-81, 2020 WL 10051750, *2 (S.D. Tex. Aug. 20, 2020). Thus, the Plaintiff had until December 22, 2024, to file his EAJA application for attorney's fees. Since the Plaintiff's Motion for Attorney Fees was filed December 9, 2024, his request is timely, and the Court will consider the merits of the Plaintiff's Motion.

**B. Prevailing party and fees requested**

The Court remanded this action to the Commissioner for further proceedings pursuant to *sentence four* of § 405(g), which "meets the description of a 'prevailing party.'" *Shalala v. Schaefer*, 509 U.S. 292, 293, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Based on an independent review, the Court finds that the requested hourly rates and the total hours expended by Plaintiff's counsel are reasonable.

Plaintiff's counsel spent 23.2 hours (20.6 hours of attorney time and 2.7 hours of paralegal time) in 2024 working on this case. [11], p. 2. Because "courts typically award between 30 and 40 hours of work for Social Security appeals," the hours claimed by Plaintiff's counsel are within the range of time reasonably expended in similar cases. *Reese v. Saul*, No. 4:19-cv-2787-SSS, 2021 WL 2188686, at *2 (S.D. Tex. Apr. 1, 2021); *see also Mesecher v. Berryhill*, No. 4:15-cv-895-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (collecting cases).

As for the hourly rate, Plaintiff's counsel requests more than the standard EAJA rate of $125.00—specifically, $240.00. [11], p. 2. But upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increases to the cost of living. 28 U.S.C. §

2412(d)(2)(A) (authorizing higher rate if "an increase in the cost of living or special factor . . . justifies a higher fee"); *Nkenglefac v. Garland*, 64 F.4th 251, 255 (5th Cir. 2023) (endorsing cost-of-living adjustments to EAJA rate). In fact, the Fifth Circuit has used the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine the appropriate adjustment. *Nkenglefac*, 64 F.4th at 255. Here, Plaintiff's counsel is claiming fees for work performed in 2024. [11-1]. The CPI for the Southern Region, Size Class B/C, in 2024 was 192.570%.[1] Therefore, the hourly rate for 2024 is $240.71 (192.570% x 125.00/hour). Because Plaintiff's counsel's requested rate matches that of the CPI-adjusted rate for 2024, the Court finds that the requested fee of $240.00 an hour for attorney time (totaling $4,944.00) and $100.00 an hour for paralegal time (totaling $270.00)—for a total fee of $5,214.00—is reasonable. *Nkenglefac*, 64 F.4th at 255 (finding that a prevailing party may also recovery for paralegal work under the EAJA); *Marquez v. O'Malley*, No. EP-24-cv-327-RFC, 2025 WL 100517, *1 (W.D. Tex. Jan. 13, 2025) (finding an hourly rate of $120.00 for paralegal time to be reasonable).

### C. "Substantially justified"

Even though the Plaintiff's Motion for Attorney Fees was timely filed, and he is a prevailing party under the EAJA, "[]he is not entitled to attorney fees if the position of the United States was 'substantially justified.'" *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001) (quoting § 2412(d)(1)(A)). "'Substantially justified' means 'justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person.'" *Sims*, 238 F.3d at 602 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Notably, the

---

[1] The database is available at U.S. Bureau of Labor Statistics, Databases, Tables & Calculators by Subject, CPI for Urban Consumers, Southern Region, Size Class B/C https://data.bls.gov/timeseries/CUURN300SA0?amp% % 20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited April 22, 2024).

Commissioner has the burden of establishing that its position was substantially justified. *Sims*, 238 F.3d at 602 (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). But here, the Commissioner has advised the Court that there is no objection to the fees requested. [11]. The record reflects that the Commissioner's position was not substantially justified, and the Plaintiff is entitled to an award of attorney's fees under the EAJA.

## II. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion for Attorney Fees [11] under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d), is GRANTED. The Plaintiff shall be awarded an attorney fee under the Equal Access to Justice Act in the amount of $5,214.00 reflecting a total of 23.2 hours (20.6 hours of attorney time and 2.7 hours of paralegal time) spent in 2024 working on this case. *See Astrue v. Ratliff*, 560 U.S. 586, 588, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) (finding that an award of "fees and other expenses" is payable to the litigant rather than their attorney, as the statute "controls what the losing defendant must pay, not what the prevailing party must pay [her] lawyer.").[2]

This, the 4th day of June, 2025.

                                            TAYLOR B. McNEEL
                                            UNITED STATES DISTRICT JUDGE

---

[2] District courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if the plaintiff assigned his or her rights to the award to the attorney. *See, e.g., Carpenter v. Kijakazi*, No. 21-328, 2022 WL 16961122, at *1–2 (E.D. La. Nov. 16, 2022) (ordering EAJA award payable to plaintiff despite assignment agreement); *McCullough v. Saul*, No. SA-18-cv-128-ESC, 2019 WL 2774336, at *2 (W.D. Tex. Jul. 2, 2019) (same); *Dieckow v. Saul*, No. 5-19-cv-796-RBF, 2020 WL 13441547, at *3 (W.D. Tex. Jul. 17, 2020) ("Whether the Commissioner pays the fees award to [plaintiff] directly or in care of her counsel is left to the Commissioner's discretion. [The plaintiff's] assignment of an award to her attorney is a matter left for her and her attorney to resolve."); *Bickel v. Comm'r, Soc. Sec. Admin.*, No. 2:14-cv-41, 2015 WL 296088, at *2 (E.D. Tex. Jan. 21, 2015) ("Plaintiff[']s payment of fees owed [to] his attorney is a matter of the retainer agreement between them.").